Case: 1:25-cv-00287-JPH Doc #: 5 Filed: 05/05/25 Page: 1 of 7 PAGEID #: 41

**EXHIBIT A**

04/23/2025 02:05 PM
MIKE PATTERSON
CLERK OF COURTS
LAWRENCE COUNTY
Judge:FINLEY, CHRISTEN N
Case No. 25PI000320

## IN THE COMMON PLEAS COURT OF LAWRENCE COUNTY, OHIO
### CIVIL DIVISION

| | | |
|---|---|---|
| **THE ESTATE OF RANDI FRANCIS MADDIX** | : | |
| Administrator: Darren Findling | : | CASE NO.: |
| 414 W. 5th Street | : | JUDGE: |
| Royal Oak, MI 48067 | : | |
| | : | **COMPLAINT FOR SURVIVORSHIP/WRONGFUL DEATH AND PERSONAL INJURIES WITH JURY DEMAND ENDORSED HEREON** |
| **MARK DANIEL MADDIX** | : | |
| 7284 Republic Avenue | : | |
| Warren, MI 48091 | : | |
| **SHAKYRA MADDIX** | : | |
| 7284 Republic Avenue | : | |
| Warren, MI 48091 | : | |
| **SEANTOREYA HORTON** | : | |
| 65 Monterey Street | : | |
| Pontiac, MI 48342 | : | |
| Plaintiffs, | : | |
| vs. | : | |
| **WAL-MART TRANSPORTATION, LLC** | : | |
| Registered Agent: CT Corporation System | : | |
| 4400 Easton Commons Way | : | |
| Suite 125 | : | |
| Columbus, OH 43219 | : | |
| **MICHAEL DAVID CLARK** | : | |
| 107 Fitzpatrick Street | : | |
| South Point, OH 45680 | : | |
| Defendants. | : | |

## FIRST CLAIM FOR RELIEF

1. On or about April 28, 2023, at approximately 10:06 PM, Plaintiffs Mark Daniel Maddix, Shakyra Maddix, Seantoreya Horton, and decedent Randi Francis Maddix, were assisting motorists involved in a single vehicle accident on US-33 Eastbound located in Hocking Township, Ohio. At the same time, Defendant Michael David Clark (hereafter "Defendant Clark"), operated a 2016 Freightliner Semi Tractor, with a USDOT# 063585, owned and operated by Defendant Wal-Mart Transportation, LLC, was traveling on US-33 Eastbound. Defendant Clark, while distracted, negligently failed to observe the incapacitated vehicle, flipped in the middle of the right lane. Plaintiff Mark Daniel Maddix desperately tried to warn Defendant Clark by running down the shoulder waving his lighted phone. While still maintaining his speed, Defendant Clark rammed the incapacitated vehicle and veered onto the grassy shoulder. Plaintiffs Shakyra Maddix, Seantoreya Horton, and decedent Randi Francis Maddix had taken refuge on the same grassy shoulder off the roadway. All three attempted to flee the path of Defendant Clark's out-of-control semi-truck. Unfortunately, decedent Randi Francis Maddix was not able to avoid being run down and was killed by Defendant Clark. Plaintiffs Mark Daniel Maddix, Shakyra Maddix, and Seantoreya Horton all witnessed decedent Randi Francis Maddix's horrifying death. Plaintiffs Mark Daniel Maddix, Shakyra Maddix, and Seantoreya Horton were all in close proximity to the subject incident, and as a result of what they witnessed, experienced severe emotional distress.

2. At all relevant times, Defendant Clark was in the employ of Defendant Wal-Mart Transportation, LLC (hereafter "Defendant Walmart"), and was acting as an employee and/or agent of Defendant Walmart at the time of the crash. Defendant Wal-Mart Transportation, LLC, as principal, is vicariously liability for Defendant Clark.

3. Darrin Findling has been properly appointed as the administrator of the Estate of Randi Francis Maddix by the probate court in Michigan, and pursuant to Ohio Revised Code 2125.02, the Estate brings this action on behalf of the statutory beneficiaries and other next of kin, in addition to the survivorship claim.

4. At all times, Defendant Wal-Mart Transportation, LLC negligently entrusted the vehicle to Defendant Clark, an inexperienced and incompetent driver and/or was acting on his/her behalf as principal and agent and therefore is vicariously liable.

5. At all relevant times, Defendant Wal-Mart Transportation, LLC negligently hired and/or retained and/or supervised and/or failed to properly train Defendant Clark.

6. At all relevant times, Defendant Wal-Mart Transportation, LLC was negligent per se for violations of the Federal Motor Vehicle Carrier Regulations, including, but not limited to: failing to follow the regulations by its hiring of an incompetent driver; by its retention of an incompetent driver; by its failure to supervise its driver; and by its failure to properly train its driver.

7. Defendant Wal-Mart Transportation, LLC's actions were done with actual malice in a wanton, and reckless manner evidencing a conscious disregard for the rights and safety of other persons and having a great probability of causing substantial harm, to wit: allowed their driver to operate a semi tractor while distracted and not maintaining reasonable control of his vehicle.

8. Defendant Clark's actions were done with actual malice in wanton, and reckless manner evidencing a conscious disregard for the rights and safety of other persons and having a great probability of causing substantial harm, to wit: operated a semi tractor while distracted and not maintaining reasonable control of his vehicle.

9. As the proximate result of the negligence of Defendants Wal-Mart Transportation, LLC and Defendant Clark, Randi Maddix, deceased and Plaintiff the Estate of Randi Francis Maddix sustained injuries and damage as follows:

    a. Bodily Injury including medical bills, and conscious pain and suffering which survives her death.

    b. The beneficiaries of the Estate of Randi Francis Maddix have suffered damages including those outlined in O.R.C. 2125.02, including loss of support, loss of services, loss of society and companionship, consortium, care, assistance, advice and protection.

    c. The parents and children of decedent have suffered mental anguish.

    d. Funeral expenses.

10. The aforesaid negligence of Defendants Wal-Mart Transportation, LLC and Clark, was the direct and proximate cause of the injuries and death to Randi Maddix, deceased.

    **WHEREFORE**, Plaintiff ,the Estate of Randi Francis Maddix demands judgment against Defendants Wal-Mart Transportation, LLC and Michael David Clark, jointly and severally, in an amount in excess of $25,000.00, punitive damages in excess of $25,000.00, plus interest and the costs of this action.

## SECOND CLAIM FOR RELIEF

11. Plaintiff Mark Daniel Maddix incorporates each and every allegation contained in the First Claim for Relief as though fully rewritten herein. Plaintiff incorporates each and every allegation contained in the First Claim for Relief as though fully rewritten herein.

12. As the proximate result of the negligence of Defendants Wal-Mart Transportation, LLC and Clark, Plaintiff Mark Daniel Maddix sustained severe emotional distress, injuries and damages as follows:

    a. Great pain and suffering both physical and emotional, severe emotional distress, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

    b. Reasonable and necessary medical expenses, as well as further medical expenses to be incurred in the future;

    c. Past and future lost wages, compensation and/or destruction of potential earning capacity;

    d. Miscellaneous out of pocket expenses in an amount yet to be determined;

13. The aforesaid negligence of Defendants Wal-Mart Transportation, LLC and Clark, was the direct and proximate cause of the injuries and damage to the Plaintiff.

**WHEREFORE**, Plaintiff Mark Daniel Maddix demands judgment against Defendants Wal-Mart Transportation, LLC and Michael David Clark, jointly and severally, in an amount in excess of $25,000.00, punitive damages in excess of $25,000.00, plus interest and the costs of this action.

## THIRD CLAIM FOR RELIEF

14. Plaintiff Shakyra Maddix incorporates each and every allegation contained in the First Claim and Second Claim for Relief as though fully rewritten herein. Plaintiff incorporates each and every allegation contained in the First Claim for Relief as though fully rewritten herein.

15. As the proximate result of the negligence of Defendants Wal-Mart Transportation, LLC and Defendant Clark, Plaintiff Shakyra Maddix sustained severe emotional distress and injuries and damages as follows:

    a. Great pain and suffering both physical and emotional, severe emotional distress, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

    b. Reasonable and necessary medical expenses, as well as further medical expenses to be incurred in the future;

    c. Past and future lost wages, compensation and/or destruction of potential earning capacity;

    d. Miscellaneous out of pocket expenses in an amount yet to be determined;

16. The aforesaid negligence of Defendants Wal-Mart Transportation, LLC and Clark, was the direct and proximate cause of the injuries and damages to the Plaintiff.

**WHEREFORE**, Plaintiff S.M. demands judgment against Defendants Wal-Mart Transportation, LLC and Michael David Clark, jointly and severally, in an amount in excess of $25,000.00, punitive damages in excess of $25,000.00, plus interest and the costs of this action.

## FOURTH CLAIM FOR RELIEF

17. Plaintiff Seantoreya Horton incorporates each and every allegation contained in the First through Third Claim for Relief as though fully rewritten herein. Plaintiff incorporates each and every allegation contained in the First Claim for Relief as though fully rewritten herein.

18. As the proximate result of the negligence of Defendants Wal-Mart Transportation, LLC and Clark, Plaintiff Seantoreya Horton sustained severe emotional distress, injuries and damages as follows:

    a. Great pain and suffering both physical and emotional, severe emotional distress, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

    b. Reasonable and necessary medical expenses, as well as further medical expenses to be incurred in the future;

    c. Past and future lost wages, compensation and/or destruction of potential earning capacity;

    d. Miscellaneous out of pocket expenses in an amount yet to be determined;

19. The aforesaid negligence of Defendants Wal-Mart Transportation, LLC and Clark, was the direct and proximate cause of the injuries and damages to the Plaintiff.

**WHEREFORE**, Plaintiff Seantoreya Horton demands judgment against Defendants Wal-Mart Transportation, LLC and Michael David Clark, jointly and severally, in an amount in excess of $25,000.00, punitive damages in excess of $25,000.00, plus interest and the costs of this action.

Respectfully Submitted,

**DYER, GAROFALO, MANN & SCHULTZ**

/s/ **Kenneth J. Ignozzi**
Kenneth J. Ignozzi, Esq. (0055431)
Attorney for Plaintiffs
131 North Ludlow Street, Ste. 1400
Dayton, Ohio 45402
Telephone: (937) 223-8888
Facsimile: (937) 824-8630
Email: kignozzi@dgmslaw.com

Of Counsel:

Brian C. Mickelsen, Esq
MICKELSEN DALTON, LLC
25 Society St
Charleston, SC 29401
Telephone: (678) 641-9054
Fax: (843)695-7777
Email: brian@mickelsendalton.com

## JURY DEMAND

Now come Plaintiffs, by and through counsel, and hereby demand a trial by jury on all issues of this matter.

Respectfully Submitted,

**DYER, GAROFALO, MANN & SCHULTZ**

**/s/ Kenneth J. Ignozzi**
Kenneth J. Ignozzi, Esq. (0055431)
Attorney for Plaintiffs
131 North Ludlow Street, Ste. 1400
Dayton, Ohio 45402
Telephone: (937) 223-8888
Facsimile: (937) 824-8630
Email: kignozzi@dgmslaw.com